IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                        CR No. 07-1010 JC

HERBERT PERKINS,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on Defendant Herbert Perkins' Motion to Continue Trial Setting and for Other Relief, filed January 15, 2008 (*Doc. 78*)("Motion").  The question before me is whether this Motion presents any compelling or legitimate reason to continue this trial, presently set to commence at 9:00 a.m. this morning, January 16, 2008, with a jury having been empaneled yesterday, January 15, 2008.  Having considered the Motion, the governing legal authority, and also having denied an oral motion brought on similar grounds in open court yesterday, I find no justifiable grounds exist to warrant exercising my discretion to grant a continuance of this trial.  Accordingly, Defendant Perkins' Motion is denied.

        In support of this Motion, Defendant Perkins, through his appointed counsel Troy Prichard, asserts that: (1) he has been appointed but one attorney, for whom he has previously requested and been denied substitution, (2) since December 5, 2007, when Perkins' last request for a continuance was granted but request for replacement of counsel was denied, the relationship between Perkins and Prichard has "suffered[,]" (3) Perkins has engaged in "serious

discussions" with private attorneys regarding possible retention of substitute counsel, (4) the case "is not terribly old and it is certainly not uncommon, in fact it is rather routine, for substitution of newly appointed counsel to occur" in other cases, (5) there are no plea discussions taking place presently and "[u]pon information and belief, new counsel for Defendant would be able to reopen resolution and settlement discussion possibilities" resulting in avoidance of "further significant expense to judicial resources and economy" in this case, (5) Perkins wishes to explore "other possible issues for defense[,]" (6) the possibility of the government producing the testimony of Perkins' co-defendant who is also Perkins' nephew "is quite troubling and potentially further damaging to policies concerning family preservation and unity[,]" (7) Perkins was prejudiced by not being present in the courtroom for voir dire of a jury panel being selected for a civil trial unrelated to Perkins' criminal trial[1] and has or will be prejudiced by his being required to wear ankle constraints during these proceedings.

     First, insofar as Defendant Perkins presently seeks to replace Prichard with a different

---

[1] For background, the Courtroom Deputy calendared the second day of this anticipated two-day trial as a "continuation of jury trial." *See* related Docket Entry on January 14, 2008. Mr. Prichard received an electronic notice reflecting this docket entry and misinterpreted it to mean that his client's firm trial setting for January 15, 2008 had been vacated and reset for January 16, 2008. As a result, Mr. Prichard was not present in the courtroom to commence jury selection at 8:30 a.m. yesterday, January 15, 2008, though all others involved were present. Chambers personnel contacted Mr. Prichard at his office and he arrived in Court shortly thereafter. Prichard explained his confusion and indicated that his client did not have the clothing he wished to wear. The Court permitted Prichard to obtain clothing for Defendant Perkins prior to commencement of jury selection in his case and agreed to otherwise postpone the trial for one day, upon assurance by Prichard that he essentially was and would be ready for trial on the 16th. On the 15th, the Court was to select two juries: One for a civil trial and one for Perkins' criminal trial. Thus, the Court changed its intended procedure for jury selection and chose the civil jury first in order to accommodate Defendant Perkins. After the civil jury was selected, the Court called Perkins' case for jury selection, as Perkins had by then changed his clothing. Perkins was present for the entire jury selection process in his case. The Court is unaware of any authority entitling a criminal defendant to be present for selection of a jury in an unrelated, civil matter.

appointed attorney on the basis that Prichard is the first appointment or that such replacements happen in other cases, neither of these assertions satisfies any applicable legal test.  Nor does the fact that the relationship between Perkins and Prichard may not be ideal bring anything significantly to bear, for the law requires only that they communicate, just as I observed them to be doing very well during jury selection, and that counsel be reasonably effective–not optimal--to satisfy the Sixth Amendment.

Regarding Perkins' unilateral representation that plea negotiations might be "reopened" if new counsel was appointed, Rule 11 of the Federal Rules of Criminal Procedure prohibits me from participating in any discussions related to plea bargaining and my role in that regard is, instead, limited to accepting or rejecting plea agreements if they are reached.  I note that nothing related to plea negotiations bears on my decision today.

In relation to Perkins' contention that he has or will be prejudiced by being in "shackles" in the presence of the jury, I take the opportunity to record the reasons that heightened security measures have become not only necessary but of utmost importance here.  I was informed yesterday that Perkins has repeatedly threatened Court security personnel with violence to them or others and has also proclaimed his desire and intent to disrupt the trial proceedings.  This alone warrants additional security measures, but when combined with information indicating that Defendant has already carried out acts of violence while incarcerated pending trial, I simply have no choice but to ensure that Defendant is adequately restrained to protect all persons present in the courtroom during his trial.  It behooves me to note, also, the extent to which additional precautionary measures have been taken to assure that the jury is unaware of the ankle restraints while Perkins is seated at counsel table.  These measures take the form of a fabric skirting placed around both defense and prosecution counsel tables, which skirting covers already-solid table

fronts, to conceal the ankle restraints that will likely also be hidden by Defendant's clothing. Moreover, Perkins will not be required to enter or exit the courtroom in the presence of the jury during trial, lest the restraints somehow become evident to jurors through his movement.

Finally, while policies in favor of "family preservation and unity" indeed reflect important values in our society, that Defendant Perkins' co-defendant/nephew may testify at his trial does not persuade me to conclude, under governing law, that either continuation of trial or replacement of counsel is warranted. Instead, the government is free to call its witnesses, as is Perkins, and that a potential witness is related to Perkins does not provide fertile ground for seeking a trial continuance or replacement of counsel.

In summary, a jury has been empaneled in this case and trial will move forward as scheduled this morning, for I find insufficient grounds upon which to determine that counsel is not reasonably effective as required or that a continuance would serve as anything more than undue delay.

WHEREFORE,

**IT IS ORDERED** that Defendant Herbert Perkins' Motion to Continue Trial Setting and for Other Relief, filed January 15, 2008 (*Doc. 78*) is DENIED and trial shall commence as scheduled at 9:00 a.m. on Tuesday January 16, 2008.

Dated this 16th day of January, 2008.

                                                s/John Edwards Conway

                                          _____
                                          SENIOR UNITED STATES DISTRICT JUDGE