IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT ISAAC PERKINS,

    Petitioner,

v.                                                                 No. 1:16-cv-00714-KWR-JHR
*Related to* No. 1:07-cr-01010-KWR-1

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Dispositions ("PFRD") of U.S. Magistrate Judge Jerry H. Ritter [Doc. 23], entered at the undersigned's request pursuant to 28 U.S.C. § 636(b). [*See* Doc. 17]. In the PFRD, Magistrate Judge Ritter recommends that the Court dismiss Petitioner Herbert Isaac Perkins' Successive Motion Pursuant to 28 U.S.C. § 2255 with prejudice. [Doc. 23, p. 7]. Perkins timely objected. [Doc. 26]. Having considered the objections and pertinent authority, the Court **OVERRULES** the objections, **ADOPTS** the PFRD, and **DISMISSES** the petition **WITH PREJUDICE.**

**I.     BACKGROUND**

Perkins was convicted of one count of Hobbs Act robbery, two counts of discharging a firearm during and in relation to a crime of violence, and one count of being a felon in possession of ammunition, and this Court sentenced him to a life term of imprisonment. [CR Docs. 82, 84, 107-08; *see* Doc. 21, pp. 3-4].[1] The Tenth Circuit affirmed the convictions, and the United States Supreme Court denied certiorari. [CR Docs. 113-14, 140, 152-53]. Perkins first filed a *pro se* §

---

[1] All citations to "CR Doc." refer to documents filed in the criminal case: 1:07-cr-01010-KWR-1. Judge John E. Conway sentenced Perkins on March 5, 2008. [*See* CR Docs. 107-08]. This case was reassigned to Judge Kea W. Riggs on January 6, 2020. [Doc. 12].

1

2255 petition in 2010 alleging ineffective assistance of counsel, which was denied with prejudice. [CR Docs. 144, 152-53].

Perkins then filed a petition on June 25, 2016, asserting that the 2015 ruling in *Johnson v. United States*, 576 U.S. 591 (2015) invalidated his convictions and sentence. [*See* Doc. 1; *cf.* CR Doc. 144]. The Court held this petition was second or successive and required circuit court authorization for review. [Doc. 5, pp. 2-3]. In the interest of justice, the Court transferred the petition to the Tenth Circuit. [*Id.*, p. 5]. After briefing, the Tenth Circuit granted partial relief authorizing a second or successive petition "limited to challenges of his § 924(c) convictions and sentence and to the enhancement of his sentence under the ACCA [Armed Career Criminal Act]." [Doc. 13, p. 4].

After Tenth Circuit's partial authorization, Perkins filed a successive petition on July 9, 2020. [Doc. 20]. After briefing, Magistrate Judge Ritter recommends that the Court dismiss the petition with prejudice because 1) the Tenth Circuit did not grant authorization to review the merits of the Hobbs Act robbery conviction challenge, 2) Hobbs Act robbery is categorically a crime of violence under the elements clause, § 924(c)(3)(A), making *Davis*[2] relief inapplicable, and 3) New Mexico armed robbery and aggravated battery convictions satisfy the elements clause of the ACCA, § 924(e)(2)(B)(ii), making *Johnson* relief inapplicable. [*See generally* Doc. 23].

## II. PERKINS' OBJECTIONS

Perkins timely objected on November 23, 2021. [Doc. 26]. He first contends that this Court has jurisdiction to review his Hobbs Act robbery conviction. [*Id.*, p. 6]. Perkins says that the only part of his earlier petition that was not authorized was the challenge to his career offender sentence enhancement. [*Id.*, pp. 6-7]. Perkins additionally says that because the Tenth Circuit authorized

---

[2] *United States v. Davis*, 139 S.Ct. 2319 (2019).

him to challenge his § 924(c) convictions and because the § 924(c) convictions cannot stand if the underlying predicate conviction (Hobbs Act robbery conviction) is invalid, the validity of the underlying conviction is fairly before the Court. [*Id.*, p. 7].

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

The Tenth Circuit's partial authorization does not contain any language authorizing review of the Hobbs Act robbery conviction. [*See* Doc. 13]. It explicitly states "[w]e grant Movant authorization to file a second or successive § 2255 motion in district court limited to challenges to his § 924(c) convictions and sentence and to the enhancement of his sentence under the ACCA." [*Id.*, p. 4]. Because the Tenth Circuit did not authorize the review of the Hobbs Act robbery conviction, this Court does not have jurisdiction to review it. Therefore, the Court overrules this objection.

Perkins challenges the characterization of Hobbs Act robbery as a "crime of violence" under 18 U.S.C. § 924(c), but acknowledges that *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018) is controlling in its holding that Hobbs Act robbery satisfies the elements clause, § 924(c)(3)(A). Perkins now objects only to preserve the issue for review. [Doc. 26, p. 8].

18 U.S.C. § 924(c) mandates a distinct penalty for a person who uses or carries a firearm during and in relation to crimes of violence, one that must be imposed in addition to the punishment provided for the underlying violent crime. *Dean v. United States*, 137 S.Ct. 1170, 1174 (2017). A § 924(c) sentence is "in addition to" any other term of imprisonment imposed on the person, *i.e.*, run consecutively. § 924(c)(1)(D)(ii). The statute defines "crime of violence" through two independent alternatives known as the "elements" clause and the "residual" clause. § 924(c)(3). In 2019, the Supreme Court held that the residual clause, § 924(c)(3)(B), is unconstitutionally vague. *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). A § 924(c) conviction remains valid, however, if the underlying crime is categorically a crime of violence under the elements clause, § 924(c)(3)(A). *See United States v. Muskett*, 970 F.3d 1233, 1238 (10th Cir. 2020). The Tenth Circuit held that Hobbs Act robbery is categorically a crime of violence under the elements clause in *Melgar-Cabrera*, 892 F.3d at 1065.

District courts are bound to follow the precedential authority of their respective courts of appeals unless presented with a proper argument for modification of the precedent. *See United States v. Guillen*, 995 F.3d 1095, 1114 (10th Cir. 2021) ("[v]ertical stare decisis is absolute"); *Allen v. Cooper*, 140 S.Ct. 994, 1003 (2020) (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014)) (special justification needed to reverse a decision). Perkins presents no argument for modification of *Melgar-Cabrera*. Because *Melgar-Cabrera* is binding, and Perkins' § 924(c) convictions were predicated on his Hobbs Act robbery conviction, his § 924(c) convictions remain valid after *Davis*. Therefore, the Court overrules this objection.

18 U.S.C. § 924(e) (ACCA) enhances a sentence if a person also has three or more previous convictions for a violent felony. The statute defines "violent felony" through three independent parts known as the "elements" clause, the "enumerated" clause, and the "residual" clause. 18

U.S.C. § 924(e)(2)(B). In 2016, the Supreme Court held that the residual clause, the latter part of § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 593-606 (2016). A § 924(e) sentence enhancement remains valid if the person had three or more previous convictions that satisfy the remaining aspects of a violent felony, and Perkins acknowledges that *United States v. Manzanares*, 956 F.3d 1220 (10th Cir. 2020) held that convictions under NMSA 1978, § 30-16-2 (New Mexico armed robbery) and § 30-3-5(C) (New Mexico aggravated battery) satisfy the elements clause for a violent felony under the ACCA. [Doc. 26, p. 10].

Perkins presents no argument for modification of *Manzanares* but, as with his previous argument, now objects only to preserve the issue. [Doc. 26, p. 10]. As explained above, a district court in a circuit with controlling law is bound to follow the precedential authority unless presented with a proper argument for modification. Because *Manzanares* is binding, and Perkins' sentence was enhanced due to prior convictions of the same types of offenses that were at issue in *Manzanares*, his § 924(e) sentence enhancement remains valid after *Johnson*. Therefore, the Court overrules this objection.

### III.  CONCLUSION

For the above reasons, the Court **HEREBY**:

1) **OVERRULES** Perkins' objections [Doc. 168];

2) **ADOPTS** Magistrate Judge Ritter's PFRD [Doc. 23] *(as set forth in 1:16-cv-00714-KWR-JHR (Perkins v. United States of America));* and

3) **DISMISSES WITH PREJUDICE** Perkins' Successive Motion Pursuant to 28 U.S.C. § 2255 [Doc. 20] ] *(as filed in 1:16-cv-00714-KWR-JHR (Perkins v. United States of America)).*

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**